Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Salvador Delgado**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **R.G. Riggs Plumbing, LLC**, an Arizona company; **Robert Riggs,** an Arizona resident; and **Amanda Riggs,** an Arizona resident; | |
| | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Salvador Delgado ("**Plaintiff**"), for his Verified Complaint against Defendants R.G. Riggs Plumbing, LLC ("**Riggs**"); Robert Riggs; and Amanda Riggs (all together known as **"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Salvador Delgado resided in the District of Arizona.

9. Plaintiff Salvador Delgado was a full-time employee of Defendants from on or around October 14, 2021, until on or around October 12, 2022.

10. At all relevant times, Plaintiff Salvador Delgado was an employee of

Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Salvador Delgado was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Salvador Delgado was an employee of Defendant Riggs as defined by A.R.S. § 23-350(2).

13. Defendant Riggs is a company authorized to do business in Arizona.

14. Defendant Riggs was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Riggs was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Riggs was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Robert Riggs is an Arizona resident.

18. Defendant Robert Riggs has directly caused events to take place giving rise to this action.

19. Defendant Robert Riggs is a manager of Riggs.

20. Defendant Robert Riggs is a member of Riggs.

21. Defendant Robert Riggs is an owner of Riggs.

22. Defendant Robert Riggs is an employer for Riggs.

23. Defendant Robert Riggs has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Robert Riggs has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Robert Riggs is an employer.

26. Defendant Robert Riggs had the authority to hire, fire, and interview employees.

27. Defendant Robert Riggs interviewed and hired Plaintiff on or around October 14, 2021.

28. Defendant Robert Riggs supervised and controlled the conditions of Plaintiff's employment.

29. Plaintiff would contact Defendant Robert Riggs when he needed tools for a job.

30. Defendant Robert Riggs determined the rate and method of Plaintiff's payment of wages.

31. Defendant Robert Riggs had final approval of paychecks.

32. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Robert Riggs is subject to individual and personal liability under the FLSA.

33. Defendant Amanda Riggs is an Arizona resident.

34. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Amanda Riggs and Defendant Robert Riggs were legally married.

35. Defendant Amanda Riggs and Defendant Robert Riggs have caused events to take place giving rise to this action as to which their marital community is fully liable.

36. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

37. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants,

as alleged herein.

38. Defendants, and each of them, are sued in both their individual and corporate capacities.

39. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

40. Plaintiff has a good faith reasonable belief that in his work for Riggs, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

41. Plaintiff has a good faith reasonable belief that in his work for Riggs, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

42. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

43. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

44. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

45. Plaintiff would communicate with Defendants via text message.

46. Plaintiff is a covered employee under individual coverage.

47. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

48. The entity Defendant is a plumbing company.

49. On or around October 14, 2021, Plaintiff Salvador Delgado commenced

employment with Defendants.

50. Plaintiff's primary job duties included installing tubs, showers, and piping.

51. From on or around October 14, 2021, to on or around October 12, 2022, Plaintiff was to be paid at a rate of $18 an hour.

52. Plaintiff was a non-exempt employee.

53. Plaintiff has not been paid his final paycheck.

54. Plaintiff is owed payment for 52 hours of work.

55. Plaintiff is owed approximately $936 in back wages.

56. Defendants failed to properly compensate Plaintiff for his hours worked.

57. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

58. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

59. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

60. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

61. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

62. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

64. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

65. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

66. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

67. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

68. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

69. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

70. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

71. Defendants have not made a good faith effort to comply with the FLSA.

72. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

73. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

74. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

75. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

76. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

77. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (ONLY AGAINST DEFENDANT RIGGS)

78. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

79. At all relevant times, Plaintiff was employed by Defendant Riggs within the meaning of the Arizona Wage Statute.

80. Defendant Riggs was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

81. Defendant Riggs was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

82. Defendant Riggs failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

83. Defendant Riggs has willfully failed and refused to timely pay wages due to

Plaintiff.

84. As a result of Defendant Riggs' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 25, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Salvador Delgado declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Salvador Delgado